IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JUAN ALBERTO VASQUEZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. H-05-4126 |
| | § | Criminal Action No. H-01-725-01 |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

## ORDER

Pending before the Court are Petitioner Juan Alberto Vasquez's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Civil Document No. 1, Criminal Document No. 36) and the United States of America's Motion to Dismiss (Criminal Document No. 41). Having considered the motions, submissions, and applicable law, the Court determines that Juan Alberto Vasquez's motion should be denied and the United States' motion to dismiss should be granted.

## BACKGROUND

On September 20, 2001, a federal grand jury returned an indictment in the United States District Court for the Southern District of Texas, Houston Division, charging Juan Alberto Vasquez ("Vasquez") with one count of illegal re-entry after

deportation in violation of 8 U.S.C. § 1326(a) and (b)(2). Vasquez was arraigned before a United States Magistrate Judge on October 1, 2001 and entered a plea of not guilty. Upon re-arraignment before this Court on November 27, 2001, Vasquez entered a guilty plea without a plea agreement. On February 25, 2002, the Court sentenced Vasquez  to a term of 60 months imprisonment followed by a term of three years supervised release. The Court also imposed a $100 special assessment.

On February 26, 2002, Vasquez filed a timely appeal to the United States Court of Appeals for the Fifth Circuit arguing that the district court did not comply with Federal Rule of Criminal Procedural 32(c)(3)(A) and committed reversible error when it did not verify that he and his attorney had read and discussed the presentence report. On December 11, 2002, the Fifth Circuit affirmed the judgment of the Court. Vasquez subsequently filed a timely petition for a writ of certiorari with the United States Supreme Court which was denied on April 28, 2003.

On November 17, 2005, Vasquez filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 arguing that he should be resentenced in order to receive additional credit for time served in detention.[1]  The Government responded by

---

[1]Although the Court's docket indicates that the motion was filed with the District Clerk on December 5, 2005, Vasquez's motion indicates that it was signed on November 17, 2005. Since the signature date is the earliest date that the motion could have been delivered to prison authorities for filing, it is thus deemed filed as of that date. *Houston v. Lack*, 487 U.S. 266, 276 (1988) (a document is deemed filed by a *pro se* prisoner when it is delivered

filing a motion to dismiss.

<u>LAW AND ANALYSIS</u>

Vasquez argues that the Bureau of Prisons' application of 18 U.S.C. § 3585(b) regarding credit for time served conflicts with the plain language of 18 U.S.C. § 3568. He alleges that under the language of § 3568, he is entitled to additional credit which would result in an earlier date of his release.

A. *Vasquez's Motion is Time-Barred*

Vasquez filed his § 2255 motion on November 17, 2005. The Government argues that such motion is time-barred. A motion by a federal prisoner for post-conviction relief under 28 U.S.C. § 2255 is subject to a one-year period of limitation that generally runs from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255 (2000); *Clay v. United States*, 537 U.S. 522, 524 (2003) Where a petition for a writ of certiorari has been filed and denied, the defendant's federal criminal conviction becomes final upon the date that the Supreme Court denied the petition for a writ of certiorari. *United States v. Thomas*, 203 F.3d 350, 356 (5th Cir. 2000).

Here, the Supreme Court denied Vasquez's petition on April 28, 2003, thus

---

to prison authorities for mailing); *see also United States v. Young*, 966 F.2d 164, 165 (5th Cir. 1992) (providing the benefit of *Houston* to a *pro se* prisoner in § 2255 proceedings).

making his conviction final and starting the clock on the one-year limitations period. Therefore, Vasquez had until April 28, 2004 to timely file his § 2255 motion. However, Vasquez delayed in filing his § 2255 motion until November 17, 2005, well beyond the one-year deadline. Since there are no grounds in the record for equitable tolling, and no exception is alleged or substantiated, Petitioner's motion is time-barred. The Court will nonetheless address the merits of Vasquez's claims.

B. *Vasquez's Claim is Not Cognizable Under 28 U.S.C. §2255*

In his first claim, Vasquez avers that the Bureau of Prisons incorrectly calculated the amount of credit he should receive for time served in federal detention. The Government responds by arguing that an issue pertaining to credit for time spent in detention cannot be brought in a § 2255 motion. A petitioner may be granted relief under 28 U.S.C. § 2255 if he can establish at least one of four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the sentencing court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995). In this case, Vasquez is not contesting his sentence in any manner. He is merely alleging that he should have received additional credit for time served, and consequentially that his release date from imprisonment should be rescheduled to an

4

earlier date.

To the extent that Vasquez's allegation raises an issue pertaining to credit for time spent in federal detention, such a claim is not recognized as proper under § 2255. *United States v. Gabor*, 905 F.2d 76, 77-78 (5th Cir. 1990). If a prisoner wishes to attack the manner in which a sentence is carried out or the prison authorities determination of its duration, such an action may be effectuated through a motion for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). Thus, any claims regarding the application of sentencing credit to federal sentences must be brought in a motion under § 2241. *Gabor*, at 77-78. Since Vasquez seeks a recalculation of his release date to include a new application of credit for time served, such a claim is not cognizable under § 2255 and must be filed under a § 2241 proceeding. *Id*.

Nevertheless, Vasquez's allegation that he was entitled to additional credit as applied against his federal sentence under 18 U.S.C. § 3568 also fails. 18 U.S.C. § 3568 provided in part:

> The Attorney General shall give any such person credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which the sentence was imposed.

18 U.S.C. § 3568 (repealed November 1, 1987). However, 18 U.S.C. § 3568 was repealed by Congress on November 1, 1987 as to all offenses committed  on or after

that date. *Id*. As Vasquez's crime of illegal reentry was not committed until July 24, 2000, more than a decade after § 3568 was repealed, Vasquez's allegation that his credit should have been computed differently under § 3568 fails as the statute at issue is not applicable.

In the alternative, Vasquez avers that the Bureau of Prisons' application of 18 U.S.C. § 3585(b) with regard to credit for time spent in detention is in conflict with the language of the statute. On this issue, the Court lacks sufficient information to make any determination on the merits. As previously noted, however, Vasquez's claim for relief is not cognizable under a 28 U.S.C. § 2255 motion. Therefore, the Court dismisses this claim without prejudice.

Accordingly, the Court hereby

ORDERS that Juan Alberto Vasquez's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By A Person In Federal Custody (Civil Document No. 1, Criminal Document No. 36) is DENIED. The Court further

ORDERS that the United States' Motion to Dismiss (Criminal No. 41) is GRANTED.

SIGNED at Houston, Texas, on this _____ day of June, 2006.


_____
DAVID HITTNER

United States District Judge